way, nor by withholding proof of particular items on the trial, nor by formally withdrawing them from the consideration of the jury, can the effect of the judgment, as a complete adjudication of the entire cause of action, be defined. There can be but one recovery for injury from a single wrong, however numerous the items of damages may be, and but one action for a single breach of contract." This principle of law is well established. It is, however, often difficult to decide whether a demand is single or entire, and whether causes of action are identical. An action for wages due under a contract of employment does not necessarily terminate the contract. Perry v. Dickerson, supra. A wrongful discharge from employment under a contract, however, is considered a general breach of the contract, and the right of action for subsequent damages is not for salary or wages theoretically rendered, as by willingness and tender, but for damages for the breach, and if the action is brought before the expiration of the contract period of employment the recovery is limited to the wages that would have been earned prior to the commencement of the action. Howard v. Daly, 61 N. Y. 362, 19 Am. Rep. 285; Wieland v. Willcox, 40 App. Div. 213, 57 N. Y. Supp. 1038; Waldron v. Hendrickson, 40 App. Div. 7, 57 N. Y. Supp. 561. The authorities treat the discharge as an entire breach of the contract, from which all the damages flow, and doubtless the theory of thus limiting the recovery is, although I do not see it so stated, that, since the damages are subject to reduction by the amount that should have been earned in other similar employment, they cannot be ascertained as to the future term of the employment. In other cases, where the covenant is a continuing one or the contract is not severable, an action will lie immediately after the breach in which the plaintiff may recover all past and future damages, including loss of future profits, where they would have been recoverable at all. Fish v. Folley, 6 Hill, 54; Taylor v. Bradley, 39 N. Y. 129, 100 Am. Dec. 415; Roehm v. Horst, 174 U. S. 10, 20 Sup. Ct. 780, 44 L. Ed. 953. Another rule, now quite well settled, is that, where a contract provides for the payment of money in installments, the failure to pay an installment when due may not be regarded as a total breach; but the contract to that extent is severable, and an action will lie for the installment due, and the judgment will not bar a future action for other installments. McCready v. Lindenborn, 172 N. Y. 400, 65 N. E. 208; Seed v. Johnston, 63 App. Div. 340, 71 N. Y. Supp. 579; Lorillard v. Clyde, 122 N. Y. 41, 25 N. E. 292, 19 Am. St. Rep. 470; Walsh v. New York & Kentucky Co., 88 App. Div. 477, 85 N. Y. Supp. 83. Where the contract is severable, and the actual breach is only partial, and the party guilty of the breach wholly repudiates the contract and gives notice that he will not perform in advance of the time fixed by the contract for the performance of other covenants by him, I think the tendency of the authorities is, and the equitable and just rule should be, to give the innocent party an election whether to sue for the partial breach of the contract, treating it as continuing in force, or for a total breach. Wharton Co. v. Winch, 140 N. Y. 287, 35 N. E. 589; McCleary v. Malcolm Brewing Co., supra; Mersey Steel & Iron Co., v. Naylor, Benzon & Co., L. R. 9 App. Cases, 434; Johnson v. Allen, 78 Ala. 387, 56 Am. Rep. 34; Richmond v. Dubuque & S. C. R. R. Co., 40 Iowa, 264; Mixer v. Williams, 17 Vt. 457; Frost v. Knight, L. R. 5 Exch Cases, 322, 7 Exch. Cases, 111; Blackburn v. Reilly, 47 N. J. Law, 290, 1 Atl. 27, 54 Am. Rep. 159. See, also, Zimmerman v. Erhard, 83 N. Y. 74, 38 Am. Rep. 396; Nichols v. S. S. Co., 137 N. Y. 471, 33 N. E. 561; Ming et al. v. Corbin, 142 N. Y. 334, 37 N. E. 105; Cahen v. Platt et al., 69 N. Y. 348, 25 Am. Rep. 203. If this be so, of course, it is immaterial whether this was a partial or total breach of the contract prior to the first action. I am of opinion that the recovery of the damages for the breaches of the contract prior to the last of March was not inconsistent with the continuance of the contract, and it is clear that the plaintiff did not intend thereby to terminate the contract. The plaintiff's damages for the subsequent breaches of the contract may now be determined with accuracy. At the time of the trial of the former action they could only have been determined with difficulty, and approximately at most. The plaintiff demanded performance, but, as the defendants were obliged to deliver the pedals free on board some transportation line performing the duties of a common carrier and present the bills of lading, together with drafts for the purchase price, before the plaintiff was called upon to make payment, he was neither obliged to allege or show a tender of performance. I am of opinion, therefore, that the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event.

HATCH, J., concurs.

---

PATE, Respondent, v. SAYRE MOULDING CO. Limited, Appellant. (Supreme Court, Appellate Division, Second Department. January 20, 1905.) Action by Frank E. Pate against the Sayre Moulding Company, Limited.

PER CURIAM. Judgment and order affirmed, with costs.

WOODWARD, J., dissents.

---

PEOPLE, Respondent, v. ABEEL, Appellant. (Supreme Court, Appellate Division, First Department. January 6, 1905.) Proceedings by the people of the state of New York against James N. Abeel. M. S. Lynch, for appellant. R. A. Taylor, for the People. No opinion. Judgment affirmed. See 91 N. Y. Supp. 699.

---

PEOPLE, Respondent, v. BEYERS, Appellant. (Supreme Court, Appellate Division, First Department. December 23, 1904.) Proceedings by the people of the state of New York against Rudolph Beyers. M. H. Harris, for appellant. E. Sandford, for respondent. No opinion. Judgment affirmed.

---

PEOPLE, Respondent, v. EBEL, Appellant. (Supreme Court, Appellate Division, Second Department. December 1, 1904.) Proceedings by

the people of the state of New York against William J. Ebel. No opinion. Motion to resettle order denied.

---

PEOPLE, Respondent, **v.** HARPER, Appellant. (Supreme Court, Appellate Division, Fourth Department. January 11, 1905.) Proceedings by the people of the state of New York against Rozell Harper.

PER CURIAM. Judgment affirmed, with costs.

WILLIAMS and STOVER, JJ., dissent, for the reasons stated by them in dissenting opinion in People v. Snyder, 90 App. Div. 422, 86 N. Y. Supp. 415.

---

PEOPLE, Respondent, **v.** JONES, Appellant. (Supreme Court, Appellate Division, Fourth Department. January 11, 1905.) Proceedings by the people of the state of New York against George Jones. No opinion. Judgment of conviction affirmed.

---

PEOPLE, Respondent, **v.** KANTER, Appellant. (Supreme Court, Appellate Division, First Department. January 6, 1905.) Proceedings by the people of the State of New York against Charles Kanter. M. D. Steuer, for appellant. H. S. Gans, for respondent. No opinion. Judgment affirmed.

---

PEOPLE v. KELLOGG. (Supreme Court, Appellate Division, First Department. December 16, 1904.) Proceedings by the people of the state of New York against James B. Kellogg. No opinion. Motion denied. See memorandum.

---

PEOPLE, Respondent, **v.** KORNFELD, Appellant. (Supreme Court, Appellate Division, First Department. January 6, 1905.) Proceedings by the people of the state of New York against Max Kornfeld. C. Cohn, for appellant. H. S. Gans, for the People. No opinion. Judgment affirmed.

---

PEOPLE v. MARTIN et al. (two cases). (Supreme Court, Appellate Division, First Department. December 16, 1904.) Proceedings by the people of the state of New York against Robert L. Martin and others. No opinion. Motion denied.

---

PEOPLE v. QUINN. (Supreme Court, Appellate Division, First Department. December 16, 1904.) Proceedings by the people of the state of New York against Rosie Quinn. No opinion. Motion denied. See memorandum.

---

PEOPLE ex rel. BINGHAM **v.** TOWNSON et al. (Supreme Court, Appellate Division, Fourth Department. January 26, 1905.) Proceedings by the people of the state of New York, on the relation of George Bingham, against Andrew J. Townson and others. No opinion. Writ of certiorari dismissed, and determination of the respondents confirmed, with $50 costs and disbursements.

---

PEOPLE ex rel. BLATCHFORD **v.** McADOO, Police Com'r, et al. (Supreme Court, Appellate Division, Second Department. January 6, 1905.) Proceedings by the people of the state of New York, on the relation of Charles D. Blatchford, against William McAdoo, as police commissioner of the city of New York, and Edward M. Grout, as comptroller, etc.

PER CURIAM. Appeal dismissed, without costs. See People ex rel. Blatchford v. McAdoo (decided herewith) 91 N. Y. Supp. 553.

HOOKER, J., dissents.

---

PEOPLE ex rel. BRENNAN **v.** PARTRIDGE, Com'r. (Supreme Court, Appellate Division, First Department. December 9, 1904.) Proceedings by the people of the state of New York, on the relation of Thomas Brennan, against John N. Partridge, commissioner. H. Ringress, for relator. T. Connoly, for respondent. No opinion. Writ dismissed, with costs.

---

PEOPLE ex rel. COMMISSIONER OF CHARITIES v. CONGLETON. (Supreme Court, Appellate Division, First Department. January 20, 1905.) Proceedings by the people of the state of New York, on the relation of the commissioner of charities, against Osborne Congleton. No opinion. Motion granted, so far as to dismiss appeal, with $10 costs.

---

PEOPLE ex rel. COUGHLIN, Appellant, v. HAYES, Respondent. (Supreme Court, Appellate Division, First Department. January 20, 1905.) Proceedings by the people of the state of New York, on the relation of Timothy J. Coughlin, against Nicholas J. Hayes. R. Foster, for appellant. W. B. Crowell, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

(100 App. Div. 515)

PEOPLE ex rel. DELAWARE & H. RY. CO., Respondent, v. WELLS et al., Appellants. (Supreme Court, Appellate Division, First Department. January 6, 1905.) Proceedings by the people of the state of New York, on the relation of the Delaware & Hudson Railway Company, against James L. Wells and others. D. Rumsey, for appellants. A. Opdyke, for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on the authority of People ex rel. Citizens' Lighting Co. v. Feitner, 81 App. Div. 118, 81 N. Y. Supp. 73, and People ex rel. Bibb Mfg. Co. v. Wells, 84 App. Div. 330, 82 N. Y. Supp. 564.

---

PEOPLE ex rel. DOONAN, Respondent, v. McADOO, Police Com'r, et al., Appellants. (Supreme Court, Appellate Division, Second Department. January 6, 1905.) Proceedings by the people of the state of New York, on the relation of Edward E. Doonan, against William McAdoo, as police commissioner, etc. and another.

PER CURIAM. Order reversed, with $10 costs and disbursements, and writ dismissed,